**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV12-07345 JAK (PJWx) | Date | November 7, 2012 |
| Title | Premium Investment, Inc., et al. v. Solis, et al. | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER DENYING REMOVAL AND REMANDING CASE TO LOS ANGELES SUPERIOR COURT  JS-6

The question presented is whether this Court has subject matter jurisdiction over this action. For the reasons set forth in this Order, the Court finds that it does not. Consequently, it is ordered that this matter shall be remanded to the Los Angeles County Superior Court.

On February 22, 2012, Premium Investment, Inc. and Allwinners Investment, Inc. ("Plaintiffs") filed an action for unlawful detainer in the Superior Court for the State of California, County of Los Angeles, against Defendants Nicolas Solis and Martina Solis ("Defendants"), seeking possession of real property located in El Monte, California (the "Property"). Compl., Notice of Removal, Exh., Dkt. 1. Plaintiffs allege that they acquired the Property at a trustee's sale following a foreclosure on June 4, 2012. Id. at ¶ 6. Plaintiffs seek damages in an amount not to exceed $10,000. *Id.* at p.1. On August 27, 2012, Defendants removed the action to this Court. See Notice of Removal, Dkt. 1.

As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine whether it has subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). Consequently, on October 5, 2012, this Court issued an Order to Show Cause re Subject Matter Jurisdiction, directing that, by October 22, 2012, each side submit a memorandum with respect to whether this Court has subject matter jurisdiction over this action. Dkt. 6. Neither party responded. The party seeking to invoke the Court's jurisdiction bears the burden of establishing it. *Kokkonen*, 511 U.S. at 377.

In connection with their removal of this action, Defendants did not invoke diversity jurisdiction under 28 U.S.C. § 1332. This is consistent with the allegations of the complaint, in that it states that the amount in controversy does not exceed $10,000. Defendants have not presented any information that conflicts with this assertion by Plaintiff.

Federal question jurisdiction exists where a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-07345 JAK (PJWx) | Date | November 7, 2012 |
|---|---|---|---|
| Title | Premium Investment, Inc., et al. v. Solis, et al. | | |

either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated.

*K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011).

Plaintiff's unlawful detainer complaint, Notice of Removal, Dkt. 1, does not include a cause of action that arises under federal law, nor does it raise a federal question; it alleges only unlawful detainer under California state law. Defendants appear to argue that there is federal question jurisdiction because they seek to raise an affirmative defense by asserting violations of various federal statutes. Notice of Removal ¶¶ 16-37, Dkt. 1. "However, the existence of a defense based upon federal law is insufficient to support jurisdiction," *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). "[T]he existence of federal jurisdiction on removal must be determined from the face of plaintiff's complaint." *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir. 1993) (internal quotations and alterations omitted); *see also HSBC Bank USA, N.A. v. Bryant*, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *1, *3 (S.D. Cal. Nov. 10, 2009) (including federal counterclaims in Notice of Removal does not create subject matter jurisdiction if not present in plaintiff's complaint). Counterclaims cannot serve as the basis of arising under jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). This rule holds even when a counterclaim is completely preempted by federal law. *Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009).

Defendants also claim that original jurisdiction exists pursuant to 28 U.S.C. § 1352. Notice of Removal, Dkt. 1, p. 2. Section 1532 gives a federal district court "original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States . . . ." A § 1352 suit "concerns only the beneficiary's right to recovery against the surety." *U.S. v. Arnaiz*, 842 F.2d 217, 221 (9th Cir. 1988). This suit, an unlawful detainer action, does not meet that definition.

Defendants also contend that original jurisdiction exists based on 12 U.S.C. § 1452(f). Notice of Removal, Dkt. 1, p. 2. Section 1452 governs the Federal Home Loan Mortgage Corporation and subsection (f) provides that "all civil actions to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the district court shall have original jurisdiction over such actions . . . ." But, the Federal Home Loan Mortgage Corporation is not a party to this action. Therefore, 12 U.S.C. § 1452(f) does not apply.

For the foregoing reasons, Defendants have not shown that there is federal jurisdiction over this matter. Accordingly, the Court remands this case to the Superior Court of California, County of Los Angeles at its El Monte Courthouse (Case No. 12U00200).

**IT IS SO ORDERED.**

:

Initials of Preparer   ak